**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-8011 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| TRACY L. SCHULZ, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are several documents [18, 19, 20, 21] setting forth the parties' positions on several issues relating to this case, including whether the Court has jurisdiction to conduct the trial *de novo* demanded by Plaintiff pursuant to its statutory and contractual rights. For the reasons stated below, the Court concludes that it lacks jurisdiction over this matter and that the exclusive forum for trial in this matter is "any circuit court of this State." 710 ILCS 5/16. Accordingly, this case is dismissed without prejudice to being refiled in the proper forum, see 735 ILCS 5/13-217.

## I. Background

For purposes of the jurisdictional ruling that follows, the relevant background of this case can be stated as follows. Plaintiff American Family Mutual Insurance Company provided an automobile insurance policy to Defendant Tracy Schulz. Following an accident in which Defendant was injured, she learned that the driver of the other vehicle involved in the crash did not have automobile liability insurance at the time of the incident. Defendant then availed herself of the mandatory arbitration provision of her insurance contract seeking coverage for the damages incurred in her accident with the uninsured motorist. The arbitrators entered an award of $125,000 in Defendant's favor. Because that award exceeded the minimum limit of the Illinois Safety Responsibility Law, Plaintiff filed this action seeking trial *de novo* of the underlying coverage dispute.

After an early settlement conference did not result in a resolution of this case, the Court requested that the parties set out their respective positions on a variety of issues relating to this lawsuit. Among the issues raised in the briefing is whether this Court has jurisdiction over Plaintiff's action.

In its complaint, Plaintiff purports to invoke the Court's diversity jurisdiction. Defendant does not contest Plaintiff's allegations as to either citizenship or amount in controversy, but Defendant points to language in the Uniform Arbitration Act, 710 ILCS 5/16, which Defendant

contends limits jurisdiction over actions for a trial *de novo* following a rejected arbitration award to "any circuit court of this State." In response to that argument, Plaintiff directs the Court to a provision in its insurance contract stating that "[i]f any arbitration award exceeds the minimum limit of the Illinois Safety Responsibility Law, either party has a right to trial on all issues in any court having jurisdiction." According to Plaintiff, "neither the Act nor the policy considerations underlying the Act operate to trump contractual rights" as set out in the policy at issue.

## II.    Discussion

The right to a trial *de novo* implicates several Illinois statutes and the policy of insurance provided by Plaintiff to Defendant in exchange for the premium that Defendant paid to Plaintiff. As noted above, the policy at issue states that upon the issuance of an arbitration award that exceeds that statutory limit, "either party has a right to trial on all issues in any court having jurisdiction." The parties disagree on whether this Court is such a court.

Plaintiff contends that the policy language itself supports its view that (1) the trial *de novo* may take place "in any court having jurisdiction," (2) the requirements for invoking this Court's diversity jurisdiction are satisfied, and (3) "neither the [Uniform Arbitration] Act nor the policy considerations underlying the Act operate to trump contractual rights." Defendant counters that the arbitration and trial *de novo* provisions of the insurance policy simply incorporate Illinois statutory law, including the Uniform Arbitration Act, and that the UAA limits jurisdiction to "any circuit court of this State."

After careful consideration of the Illinois statutory scheme for uninsured-motorist coverage, as well as the pertinent case law from the Illinois Supreme Court, the Court concludes that jurisdiction over any trial *de novo* arising out of the mandatory arbitration provisions of the uninsured motorist regime lies exclusively in the Illinois circuit courts. Accordingly, this case must be dismissed with leave to refile in state court within one year, see 735 ILCS 5/13-217.

In *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48 (2011), the Illinois Supreme Court addressed in detail the statutory scheme created by the Illinois General Assembly for under-insured and un-insured motorist coverage. The specific issue in *Rosen* was whether a provision allowing either party to an insurance contract to demand a trial *de novo* following arbitration is unenforceable when it appears in an under-insured-motorist policy. Although the policy here is for un-insured – not under-insured – motorist coverage, the discussion in *Rosen* is highly instructive.

The policy involved in *Rosen* contained very similar language to the "trial *de novo*" provision at issue here. See 242 Ill. 2d at 52. As here, the parties were bound by any arbitration ruling that did not exceed the minimum limit for bodily injury liability specified under the Illinois Safety Responsibility Law. However, in the event of an award above that threshold amount, either party retained a right to a trial *de novo*.

The Supreme Court noted that the trial *de novo* provision "implicates several public policies" and several statutes including the Illinois Insurance Code, the Illinois Safety and Family Financial Responsibility Law, and the Uniform Arbitration Act. *Rosen*, 242 Ill. 2d at 56,

59. In particular, the mandatory liability insurance regime in Illinois requires each policy to include uninsured-motorist coverage in an amount equal to the liability coverage, unless the insured specifically rejects such additional coverage. 215 ILCS 5/143a-2(1). The purpose of the uninsured-motorist coverage is to place the policyholder in the same position he would occupy if the uninsured driver had complied with the minimum liability insurance requirement under the law. Both the mandatory insurance requirement and the backstop of uninsured- (and underinsured-) motorist coverage thus serve "to protect the public by securing payment" of damages caused by automobile accidents. *Rosen*, 242 Ill. 2d at 57.

The statute in question further requires that "any dispute with respect to the coverage and the amount of damages" under an uninsured-motorist policy be submitted for arbitration. 215 ILCS 5/143a(1); see also *Rosen*, 242 Ill. 2d at 58. This arbitration mandate "implicates that Illinois public policy supporting arbitration as a means for resolving disputes," as reflected in the General Assembly's "adoption of the Uniform Arbitration Act (710 ILCS 5/1 *et seq.*)." *Id.* at 59. Consistent with this policy, Illinois courts have held that "the Act must be deemed part of a contract containing an arbitration clause." *Johnson v. Baumgardt*, 216 Ill. App. 3d 550, 560 (2d Dist. 1991); see also *Kilianen v. Kim*, 192 Ill. App. 3d 139, 142 (2d Dist. 1989) ("We agree with the principle that the Illinois statute on arbitration must be deemed a part of the contract between the parties"). The Insurance Code further provides that the arbitrator's decision is mandatory up to the amount of coverage required by statute. *Id.* If, however, the arbitration results in an award in excess of the statutorily required amount, a party "may reject the award and elect to proceed to a trial in the circuit court." *American Family Mut. Ins. Co. v. Stagg*, 393 Ill. App. 3d 619, 623 (5th Dist. 2009).

Plaintiff points to the principle that "the parties to an agreement are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language." That principle, which the Court accepts as an accurate statement of Illinois law, has no bearing on the jurisdictional question for several reasons. To begin with, the "issue" that the parties have agreed to arbitrate – the scope of Defendant's un-insured motorist coverage – is undisputed. In addition, in view of the statutory mandate cited above, the parties had no choice as to the minimum amount of coverage on the face of the policy or the requirement to arbitrate any dispute in the first instance. Finally, assuming that the contractual right to trial *de novo* "in any court having jurisdiction" is properly considered an "issue" that the parties "have agreed to arbitrate," it is well settled that parties cannot confer jurisdiction by agreement where it does not otherwise exist. See *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014) ("Litigants cannot confer subject-matter jurisdiction by agreement or omission").

Finally, the General Assembly also has weighed in on the concept of trial *de novo* provisions. Indeed, "the legislature did more than simply condone the use of such provisions in the uninsured-motorist context; it explicitly *required* their use." *Rosen*, 242 Ill. 2d at 65-66 (citing 215 ILCS 5/143a(1)). As the Supreme Court stressed, "[i]t is the public policy of Illinois that such provisions must be included" (*id.* at 66), and "[i]f an insurance policy *does not* contain a trial *de novo* provision in its uninsured-motorist coverage, it is contrary to the statute and unenforceable as against public policy" (*id.* at 71).

The upshot of the Illinois statutory and case law is that trial *de novo* provisions such as that invoked by Plaintiff here are part and parcel of a mandatory scheme in Illinois, whereby disputes between policyholders and insurers arising out of uninsured motorist claims must be submitted to arbitration and, if the amount awarded in the arbitration is large enough, either party may reject the award and insist on a trial *de novo*. Contrary to Plaintiff's contention, the trial *de novo* provision is not simply a contractual right; rather, it is a statutory obligation. Because the General Assembly and the Supreme Court have required both the arbitration and the trial *de novo* provisions of the insurance contract at issue here, that contract remains subject to the entire statutory scheme – including the provision of the FAA, adopted as Illinois statutory law, conferring jurisdiction to enforce any arbitration agreement in "any circuit court of this State." 710 ILCS 5/16. The General Assembly's express adoption of the "Rules of Evidence that apply in the circuit court" and various sections of the Illinois Code of Civil Procedure and Illinois Supreme Court rules in arbitrations conducted pursuant to the un-insured motorist coverage statute, 215 ILCS 5/143a, further buttresses the Court's conclusion that the General Assembly intended trials *de novo* following such arbitrations to take place in the Illinois circuit courts.

The insurance contract at issue here also supports the Court's conclusion. It contains a statutorily-mandated agreement to arbitrate disputes over un-insured motorist coverage and a statutorily-mandated right to trial *de novo* if certain conditions are met. Plaintiff seeks judicial enforcement of its trial rights under this arbitration agreement. The Illinois General Assembly has decreed that the making of an agreement to arbitrate in Illinois "confers jurisdiction on the court to enforce the agreement under this Act" and defines the term "court" to mean "any circuit court of this State."

## III.   Conclusion

For the reasons stated below, the Court concludes that it lacks jurisdiction over this matter and that the exclusive forum for trial *de novo* in this matter is "any circuit court of this State." 710 ILCS 5/16. Accordingly, this case is dismissed without prejudice to being refiled within one year in the proper forum, see 735 ILCS 5/13-217.

Dated: October 20, 2014

_____
Robert M. Dow, Jr.
United States District Judge